IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JEFFREY D. BYL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MID-AMERICA GROUP,<br><br>　　　　　Defendant. | CASE NO. _____<br><br><br>COMPLAINT AND JURY DEMAND |

## I. NATURE OF THE ACTION AND INTRODUCTION

　　1.　　This is an action for damages and injunctive relief caused by Defendant's unlawful termination of Plaintiff from employment in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2615).  Plaintiff's termination was discriminatory on the basis of plaintiff's availing himself of his protected medical leave rights under the FMLA.  In addition, this an employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. with pendent state law claims under the Iowa Civil Rights Act of 1965, Iowa Code Chapter 216 (2010).  Plaintiff, Jeffrey D. Byl ("Byl"), is a Caucasian male over the age of forty (40) who had worked for five (5) years at Mid-America Group.  His work was excellent there and there are no known significant disciplinary warnings or criticism in his personnel file.  Defendant discriminated against Byl on the basis of age by laying him off in July of 2009 claiming budget cuts.  However, following his layoff, the employer retained a younger, less qualified intern as a full time employee to perform some of Byl's job functions.  Byl seeks back pay, front pay, state law emotional distress damages, federal and state compensatory damages, liquidated damage of double the back pay award, attorney fees and costs.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1331.

3. The unlawful employment practices described herein were committed within Polk County, State of Iowa. Plaintiff was an employee of Defendant. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) & (c).

4. Jurisdiction for Byl's claims under Iowa law is based on this court's supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. §1367(a).

## III. PREREQUISITES

5. Pursuant to 29 U.S.C § 625(d) and (e) and Iowa Code § 216.15, Byl filed timely charges of age discrimination and constructive discharge with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission, and has exhausted his administrative remedies.

6. August 18, 2010, the Iowa Civil Rights Commission issued an administrative release to Byl pursuant to Iowa Code § 216.16.  See attached Exhibit A.

7. September 7, 2010, the Equal Employment Opportunity Commission issued its Notice of Right to Sue.  See attached Exhibit B.

## IV. PARTIES

8. Plaintiff, Jeffrey D. Byl, was at all times relevant hereto employed by Mid-America Group as a Graphic Design Specialist.

9. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C.2 §2611(2)(a).

10. Defendant, Mid America Group, does business in West Des Moines, Polk County, Iowa with an office located at 4700 Westown Parkway, Suite 303, West Des Moines, Polk County, Iowa. Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. 2611(4)(a) at all times relevant to this action.

11. At all times material hereto Defendant had in excess of 50 employees.\

## V. FACTS

12. In February of 2008, Plaintiff started dialysis for a kidney condition.

13. In May of 2009 Plaintiff took a leave that qualified as a medical leave under the FMLA for a kidney transplant.

14. Plaintiff's medical condition was a serious health condition.

15. Plaintiff was released by his doctor to return to work in June of 2009 with some restrictions on physical activity. The restrictions were lifted prior to Plaintiff's termiantion.

16. Following Plaintiff's kidney transplant surgery, Plaintiff was scheduled for a pancreas transplant.

17. Defendant was notified of Plaintiff's future pancreas transplant and knew Plaintiff would need additional leave from work.

18. The Defendant unlawfully discharged the Plaintiff on July 23rd, 2009, based on Plaintiff's exercising his rights under the FMLA and not withstanding the fact that Plaintiff had been released to return to work without restriction prior to the termination.

19. Defendant has denied Plaintiff the opportunity to fill the position vacated when Plaintiff was discharged by the Defendant.

20. Plaintiff is currently 42 years old and is a member of the protected class defined by 29 U.S.C. §631(a) and Iowa Code Chapter 216.

21. October 24, 2004 Plaintiff began his employment for Defendant as a graphic design specialist.

22. July 23, 2009, Defendant terminated Plaintiff's employment. Defendant stated that the reason for the termination was for financial reasons. At the time, Plaintiff was meeting all of his job requirements and his personnel file contained no significant disciplinary action of which he was aware.

23. However, contrary to Defendant's statement, it retained a younger, no more qualified intern as a full time employee to perform the job function of Plaintiff.

## VI. COUNT I – DISCRIMINATION UNDER THE FMLA

24. Plaintiff re-alleges his allegations set out in paragraphs 1 through 23 herein.

25. Plaintiff began a family and medical leave in May, 2009 and was prepared and released to return to unrestricted full-time duty with Defendant in June of 2009. Defendant refused to maintain Plaintiff in his original job or an equivalent job with equivalent pay, benefits and other employment terms and conditions. Instead, the Defendant discharged the Plaintiff.

26. Plaintiff was at all times relevant, ready, willing, and able to perform all duties as he had in the past.

27. Defendant discharged Plaintiff from employment in violation of 29 U.S.C. §2615 in that Plaintiff's termination was discriminatory on the basis of plaintiff's availing himself of his protected medical leave rights under the FMLA, and his anticipated leave for a future transplant.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment that Defendant's refusal to grant Plaintiff restoration to his original job, or to an equivalent job with equivalent pay, benefits, and other employment terms and conditions was a violation of 29 U.S.C. §2615 of the Family and Medical Leave Act of 1993; Enter a judgment pursuant to 29

U.S.C. 2617(a)(1)(A)(i)(II) against the Defendant and in favor of Plaintiff for the monetary loss Plaintiff sustained as a direct result of Defendant's illegal discharge; Enter a judgment pursuant to 29 U.S.C. §2617(a)(3) against the Defendant and in favor of Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff in connection with this litigation; Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A) for liquidated damages; and Award Plaintiff such further and additional relief as the Court may deem just proper.

### VII. COUNT II – AGE DISCRIMINATION – FEDERAL LAW

28. Plaintiff re-alleges his allegations set out in paragraphs 1 through 27 herein.

29. Defendant terminated Plaintiff's employment because of his age.

30. Defendant's actions as set forth above constitute unfair employment practices within the meaning of 29 U.S.C. §621 et seq. and these actions were willful violations as defined in the ADEA.

31. As a proximate result of the discriminatory acts set forth above, Plaintiff has suffered damages for lost wages and employment benefits including but not limited to back pay, front pay, lost benefits, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant and requests damages under 29 U.S.C. § 621 et seq. in an amount determined at trial to be reasonable for back pay, front pay, lost benefits, and emotional distress, compensatory damages, liquidated damages, attorneys fees, interest, and the costs of this action; and such further and other relief as the Court deems equitable and just.

### VIII. COUNT III – AGE DISCRIMINATION – STATE LAW

32. Plaintiff re-alleges his allegations set out in paragraphs 1 through 31 herein.

33. Defendant terminated Plaintiff's employment because of his age.

34. Defendant's actions as set forth above constitute unfair employment practices within the meaning of Iowa Code Chapter 216.

35. As a proximate result of the discriminatory acts set forth above, Plaintiff has suffered damages for lost wages and employment benefits including but not limited to back pay, front pay, lost benefits, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant and requests damages under Iowa Code Chapter 216 in an amount determined at trial to be reasonable for back pay, front pay, lost benefits, and emotional distress, compensatory damages, liquidated damages, attorneys fees, interest, and the costs of this action; and such further and other relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff hereby demands a jury trial for all issues.

    /s/Nathan R. Malloy  
Nathan R. Malloy (AT0004931)  
Benjamin T. Cook (AT0000313)  
MALLOY LAW FIRM  
1225 Jordan Creek Pkwy Ste 116  
West Des Moines, Iowa 50266  
(515) 457-8501  
(515) 457-8405 fax  
nmalloy@malloylawfirm.com  
bcook@malloylawfirm.com